UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
WYNDEL WILLIAMS and DORRETT WILLIAMS,

                Plaintiffs,

-against-

THE BANK OF NEW YORK MELLON,
TRUST COMPANY FKA THE BANK OF
NEW YORK TRUST COMPANY, N.A.,
AS SUCCESSOR TO JP MORGAN
CHASE BANK, NATIONAL ASSOCIATION,
AS TRUSTEE FOR THE MLMI SURF TRUST
SERIES 2005-BC4, MLMI SURF TRUST
SERIES 2005-BC4
JOHN DOES 1-100 inclusive,

                Defendants.
----------------------------------------------------------------x

Docket No.: CV-13 6814

**COMPLAINT**

FEUERSTEIN, J

BROWN, M. J.

PLEASE TAKE NOTICE that the Plaintiffs herein by their attorney, Kenneth S. Pelsinger, Esq., an attorney duly admitted to practice before the United States District Court, Eastern District of New York, as and for their Complaint against Defendant respectfully alleges as follows:

### I  Jurisdiction & Venue

1. An actual and justiciable controversy exists between Plaintiff and Defendants concerning Defendant's debt collection activities. Accordingly, subject matter jurisdiction for this declaratory action is proper in this Court pursuant, but not limited to, 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

2. This Court has supplemental jurisdiction over any related state law claims pursuant to 28 U.S.C. § 1367.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ DEC 04 2013 ★

LONG ISLAND OFFICE

3. This Court also holds personal jurisdiction over Defendants MLMI SURF TRUST SERIES 2005-BC4, (MLMI 2005-BC4) because it is a Trust created under the law of New York.

4. The Defendant-Trustee, the Bank of New York Mellon (BONY) is a resident of New York, with an office address of 1 Wall Street, New York, New York 10286. The other defendants named in this action are agents or employees of defendant MLMI 2005-BC4 who have and continue to engage in unscrupulous business or debt collection practices.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Plaintiff is a resident of this district in Hempstead, New York.

## II Nature of the Action

6. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202, declaring that the Claims or assignments alleged by Defendants or its affiliates are void. That is, no mortgage and note were actually timely or properly transferred /conveyed to the New York Trust ( or its trustee) as stated in the "assignment" being used as the foundational document to support its debt collection. Supplemental jurisdiction that implicates the Court's ancillary/pendent jurisdiction within the scope of 28 USC §1367, and civil remedies authorized in, but not limited to, New York Law on fraudulent conveyances.

### III. PARTIES

7. Plaintiffs, Wyndel Williams and Dorrett Williams are natural persons and consumer who are the record owners of the property known as and located at 131 Nassau Parkway, Hempstead, New York, 11550, and identified on the property tax records for the Nassau County Clerk as Section 36, Block 7, Lots 1, 2, 58 and 59.

8. Defendant MLMI 2005-BC4, at all relevant times, was a common law trust formed under the laws of the State of New York. Its Trustee, BNYM maintains its principal place of business or office address of 1 Wall Street, New York, NY 10286.

9. Upon information and belief, Defendant Bank of New York Mellon is a national banking association formed by merger of the Bank of New York and Mellon Corp.. The Bank of New York was the designated "Trustee" and signatory to the Pooling and Servicing Agreement effective on or about April 1, 2005. It maintains its principal place of business or resident address of 1 Wall Street, New York, NY 10286.

10. The other defendants include but are not limited to: any and all persons who have aided and assisted defendants, affiliates, assignees, subsidiaries, successors and transferees, officers, directors, partners, agents and employees, and all other persons acting or claiming to act on their behalf or in concert with Defendants, including the Depositor, Trustee, debt collector some of which upon discovery will be added to this complaint.

### IV.   INTRODUCTION AND STATEMENT OF THE CASE

11. This is an action for declaratory relief to settle questions concerning the existence of subject matter jurisdiction of the Trustee over the particular property including the mortgage and note, and validity of Defendants [expost facto] assignment to said trust or its Trustee after the start up of the purported REMIC trust.

12. A controversy exist and arises as to whether the MLMI 2005-BC4 Trust, acted in compliance with New York law, Federal law and its Pooling and Servicing Agreement and whether materially false statements, and/or use of perjured documents can be used, offered, uttered or considered by judicial officers or others purporting that the Trust obtain a title interest by way of the perjured or false documents purporting the transfer/assignment to the trust.

13. The alleged conveyance indicates there is or remains a assignment to the Defendant which plaintiff alleges is void or alternatively operates to disqualify Trusts assertions of a valid REMIC Status.

14. The Defendants have asserted or are asserting an interest in or a right, title to exercise a power of sale clause ( which is likely to have been extinguished by operation of law) and have demanded and/or are attempting to obtained a summary judgment and sale of Plaintiffs property under color of authority of their alleged defective title claims.

15. Plaintiff thus files this lawsuit in order to obtain a declaration that the transfers are void under federal and state law.

## V GENERAL AND FACTUAL ALLEGATIONS

16. MLMI 2005-BC4 is a Trust formed in 2005 and is governed under the laws of New York.

17. The MLMI 2005-BC4 filing with the SEC was a Prospectus upon discovery and production Plaintiff will supplement this complaint with the specific dates of the initiation, closing and startup date of the trust. Upon information and belief, April 1, 2005, is the effective date of the MLMI 2005-BC4 Trust.

18. Upon information and belief, April 1, 2005, is the startup date for the MLMI 2005-BC4 Trust.

19. On May 11, 2005, an assignment was constructed ostensibly to establish an interest for MLMI 2005-BC4.

20. This assignment was said to have been executed by a Stephen G. DeBlasio, as Assistant Vice President of Wilmington Finance, and was prepared and filed in the public record of the property tax records for the Nassau County Clerk.

21. Statements within the assignment are and were materially false and were reasonably known to have been false when Defendants used and uttered them.

22. This assignment purports that an assignment was made by Wilmington Finance, a division of AIG Federal Savings Bank to BONY as Trustee for MLMI 2005-BC4.

23. Upon information and belief, the MLMI 2005-BC4 PSA and 424b5 Prospectus identifies BONY as the Trustee for the MLMI 2005-BC4 Trust., and a depositor for the MLMI 2005-BC4 Trust.

24. Upon information and belief, Defendant MLMI 2005-BC4, engaged or induced law firm, Steven J. Baum, P.C., to participate in the debt collection that used the false statements in the assignment to simulate the legitimacy of the debt claims in a state judicial proceeding where defendants were seeking a foreclosure judgment in favor of Trustee for Defendant MLMI 2005-BC4.

25. This foreclosure complaint and other documents were used to commence proceedings under the color of a "debt collection" and claimed that the Plaintiff (Defendant MLMI 2005-BC4) "is now the holder of the mortgage note and mortgage in the foreclosure complaint.

26. The assignment was made to the Defendant MLMI 2005-BC4 was manufactured by Defendants and its affiliates to simulate a debt collection under color of authority.

27. This assignment was made years after the commencement of the action indicating that the "foreclosure" complaint was materially false and known to have been false when the defendants and their associated offered it.

28. The statements within the assignment were contrived and were materially false Defendants were aware it was false when Defendants offered them in judicial and other proceedings in and after October 13, 2009, in the foreclosure action in the Supreme Court, Nassau County.

29. The foreclosure/debt collection is ongoing and was initiated or constructed on the record by Defendant, and its counsels, Steven J. Baum, P.C., for it's the benefit of Defendant MLMI 2005-BC4 and others unknown.

30. This debt collection used and relied upon perjury and other materially false or misleading statements which were used and uttered in commerce so Defendants could pretend it (MLMI 2005-BC4), was owed money from Plaintiff and so Defendants could take Plaintiff's home.

31. Defendants did this by attempting to induce or tricking a judge into signing an order authorizing a foreclosure or sale under color of the materially perjured assignments, violations of federal securities and REMIC policy, rules and regulations and/or violations amounting to fraudulent conveyances or violations of other public policy that were engaged by defendants debt collection activities.

32. Defendants knew or reasonably should have known the assignment was false and misleading and were made aware that the assignment was false and that they had breached their obligations and duties under their controlling trust PSA among other things.

33. Defendants knew or reasonably should have known that assignment was made by a robo signer who worked for hire making or signing assignments that habitually and routinely breached the PSA, New York law, Federal securities and REMIC policies.

34. Defendants knew or reasonably should have known the record evidence in this as introduced by MLMI 2005-BC4 and its affiliates reflect, on their face, inconsistent allegations that conflict with their Pooling and Servicing Agreement and they know or should have known that such transfers or conveyances are void.

35. The assignment was fabricated to allow for and trick or induce a court and/or the public into issuing a judgment in defendants favor.

36. That activity is based in and relies upon fraud upon the court practiced by and through the Defendant MLMI 2005-BC4, its counsels and others who are employed, to conduct and operate the various enterprises.

## Count I,
## Declaratory Judgment as to MLMI 2005-BC4 Trustee
## Against all Defendants

37. All prior paragraphs are incorporated by reference.

38. The BANK OF NEW YORK MELLON TRUST COMPANY, OR ITS PREDESSORS BANK OF NEW YORK was never a Trustee of the Deed of trustee and Note by the assignment of mortgage to the MLMI 2005-BC4 Trust.

39. No title was ever properly or lawfully transferred, conveyed or assigned to BONY as Trustee as purported in the Assignment or any other representations made by any of the Defendants or its affiliates named or unnamed.

40. This assignment as stated is impossible because MLMI 2005-BC4 closed prior to the assignment of mortgage. The assignment or conveyance of the mortgage and note is years after the startup of the MLMI 2005-BC4 Trust.

41. The assumption BONY could ever have had subject matter jurisdiction or ever had a trusteeship is a legal and factual impossibility under the REMIC provisions of 26 USC 860et seq., New York EPTL §7-2.4., and the PSA.

42. As a result of the acts and conduct described in the forgoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality between Plaintiff and Defendants as to warrant the issuance of a declaratory judgment finding that the Trustee never had subject matter jurisdiction of the subject property because the assignment establishes it was never properly or lawfully transferred or conveyed to the MLMI 2005-BC4 Trustee.

## Count II
## Declaratory Judgment as to Acceptance by MLMI 2005-BC4 Trustee

43. All prior paragraphs are incorporated by reference;

44. Whoever, and however the mortgage and note were supposedly transferred to the Trustee as alleged to the Defendant MLMI 2005-BC4 Trust or its Trustee, BONY were never proper or authorized because such a conveyance is proscribed by law, and/or by the controlling PSA.

45. Under New York Trust Law, every sale, conveyance or other act of the trustee in contravention of the trust is void. EPTL §7-2.4. See, *Wells Fargo Bank N.A. v Erobobo*, 2013 NY Slip Op 50675(U) April 29, 2013; FAS 140.

46. Defendant funding trust is a common law trust formed under the laws of the State of New York. Defendants have transacted business within the State of New York and are under indenture or PSA instruments that incorporates a choice of New York law.

47. Therefore, the acceptance of the note and mortgage by the trustee (who ever that might be) are governed under New York Law and that law forbids the Trustees acceptance of an assignment after the date the trust closed or started and any such assignment or paper purporting to make such a conveyance or assignment would be and is void.

48. As a result of the acts and conduct described in the forgoing paragraphs a substantial controversy of sufficient immediacy and reality between Plaintiff and Defendants exists to warrant the issuance of a declaratory judgment finding that the Trustee is prohibited from and could not have accepted a conveyance of the note and mortgage after the startup date of the trust. Plaintiff is entitled to a declaratory judgment that and that said representations of defendants pertaining to transfer of said mortgage and not could not as a result of the same been conveyed to said trustee as a matter of law.

## Count III
## Declaratory Judgment as to MLMI 2005-BC4 Depositor

49. All prior paragraphs are incorporated by reference.

50. Defendants are claiming through EPTL §7-2.4., its Trustee, its attorneys and others assert that a lawful Conveyance or Transfer amounting to a deposit or acceptance of a deposit into the trust after the MLMI 2005-BC4 start up day.

51. The PSA identifies a Depositor.

52. It is evident that the alleged "assignment" was not made by the Depositor. In Article II, section 2.01 Conveyance of Mortgage Loans, the PSA requires that the Depositor deliver and deposit with the Trustee the original note, the original mortgage and an original assignment.

53. The Trustee is then obligated to provide to the Depositor an acknowledgment of receipt of the assets before the closing date. PSA Article II, Section 2.01.

54. The rationale behind this requirement is to provide at least two intermediate levels of transfer to ensure the assets are protected from the possible bankruptcy by the originator which permits the security to be provided with the rating required for the securitization to be saleable.

55. The Trustee therefore has violated the terms of the trust by the purported acquisition of the note directly from Wilmington Finance, the alleged some other alleged conveyor. Thus, the false statements by Defendants are self evident.

56. In this regard Wilmington Finance, in fact never assigned the Mortgage or note to the MLMI 2005-BC4 Trustee or to the trust and could not have as a matter of law.

57. As a result of the acts and conduct described in the forgoing a substantial controversy exists between Plaintiff and Defendants sufficient to warrant the issuance of a

declaratory judgment finding that the conveyance was not made by the Depositor identified in the PSA, and therefore the Trustee could not have accepted such a conveyance.

### Count IV Declaratory Judgment as to § IRC § 860D(a)(4); FAILED REMIC

58. All prior paragraphs are incorporated by reference.

59. A controversy arises and exists between defendants and Plaintiff in that the Defendants through its affiliates and agents are operating as debt collectors for an entity that has claimed or is claiming a tax REMIC status.

60. To obtain REMIC classification, a trust must satisfy several requirements. Of particular interest is the requirement that within three months after the trust's startup date substantially all of its assets must be qualified mortgages. *See* IRC §860D(a)(4).

61. The assignment was made years after the start up and grace period indicating substantive regulatory violations on top of material perjury and other cause for concluding there is a "failed or disqualified REMIC and for accounting see for example, Treas. Reg. § 1.860D-1(b)(3)(i).

62. The belated assignment or false affidavit suggests the trust failed to satisfy the timing and definitional requirements which are necessary to qualify for REMIC status.

63. As a result of the acts and conduct described in the forgoing paragraphs a substantial controversy exists between Plaintiff and Defendants sufficient to warrant the issuance of a declaratory judgment finding that the Defendants and in particular Defendant Trustee and Trust is subject to issuance of an injunctive decree against it and its attorneys prohibiting them or it from such further debt collection practices and conduct due to the non existence of subject matter jurisdiction of the trust over the Res property.

## Count V
### Declaratory Judgment as to 31 USC § 3729(a)(1)(G)
### FALSE CLAIMS

64. All prior paragraphs are incorporated by reference.

65. Defendants have violated the federal false claims acts. They have alleged in their offering documents (424b5 Prospectus and PSA) that the trust is/was a REMIC trust. By operation of the expost facto assignment ,false affidavits and failure of compliance and provision of the opinion letter from counsel on the belated attempts to transfer to the REMIC establish that it has failed to satisfy timing and definitional requirement and therefore is a failed REMIC. A REMIC that fails to satisfy the requirements is to be taxed as a corporation and payments made to holders of interests in a failed REMIC will likely be nondeductible dividend payments, (See §7701(i)] Mortgage Pools treated as separate corporations and §7704(a)  (publicly traded partnership shall be treated as a corporation) all of which subjecting the REMIC to significant taxation and penalties.

66. As a result of the acts and conduct described in the forgoing paragraphs a substantial controversy exists between Plaintiff and Defendants sufficient to warrant the issuance of a declaratory judgment finding that the Defendant is subject to issuance of an order to compel production of accounting, tax assessments and further injunctive decree against it and its attorneys prohibiting them or it from such further debt collection practices and conduct and claims of REMIC exemptions.

## Count V
### Declaratory Judgment as to 28 USC § 3304(b)
### Fraudulent Transfer NY GBL 349

67. All prior paragraphs are incorporated by reference.

68. Defendants have violated and continue to pretend transfers or conveyances that violate the PSA, New York Law, and federal RMIC policies.

69. Said assignments and claims operate in law as a deceptive business practice within the proscription or in nature of §349, and is a pretext being used to avoid the Tax payment obligations incurred by a as to a debt to the United States, regardless of whether such debt existed before or after the transfer was made or the obligation is incurred, if the debtor makes the transfer or incurs the obligation, by virtue of the fraudulent conveyance Defendants have submitted to the forfeiture of the REMIC and have engaged in deceptive practice which this Court may and is authorized to enjoin.

70. Additionally, the Court may assess actual damages, a $50.00 penalty assessment, and because Defendants engaged in conduct aggravators (using perjury and false statements,) the court my in its discretion increase the award of damages up to treble and may award reasonably attorney fees in addition to the injunctive relief requested.

71. In determining the defendant's liability for any additional statutory damages, the court may consider the willful nature of the defendant's noncompliance with its PSA, and securities laws the frequency and persistence of the noncompliance, and the extent to which the noncompliance was intentional.

## JURY DEMAND

72. Plaintiff demands a trial by jury on all issues so triable.

WHEREFORE, Plaintiffs pray for:

(a) A declaration that Plaintiffs obligations under the mortgage and note are cancelled, set aside and released and Plaintiffs do not and did not owe defendants any money or either directly or indirectly,

(b) A declaration that each claim of assignment or transfer after said closing of the trust and are invalid;

(c) An order that Defendants and each of its officers, employees, agents, attorneys, and any persons in active concert or participation with them are restrained and enjoined from further prosecuting or instituting any action against Plaintiffs;

(d) A declaration that this is an exceptional case under §559.77

(d) An award to Plaintiffs of his costs and attorneys' fees;

(e) Such other relief as this Court or a jury may deem proper and just under the circumstances.

Kenneth S. Pelsinger, Esq.

By: _____
Kenneth S. Pelsinger (kp 4039)
Attorney for Plaintiffs
3601 Hempstead Turnpike
Suite LLF
Levittown, NY 11756
(516) 784-5225