UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WYNDEL WILLIAMS, DORRETT WILLIAMS

                Plaintiffs,

    -against-

THE BANK OF NEW YORK MELLON TRUST
COMPANY, as Successor to JP Morgan Chase Bank,
National Association, as Trustee for the MLMI Surf
Trust Series 2005-BC4, formerly known as The Bank
of New York Trust Company, N.A.,
MLMI SURF TRUST SERIES 2005-BC4,
JOHN DOES 1-100 inclusive,

                Defendants.
------------------------------------------------------------X

**ORDER**
13-CV-6814 (SJF)(GRB)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ FEB 02 2015 ★

LONG ISLAND OFFICE

FEUERSTEIN, J.

Plaintiffs Wyndel Williams and Dorrett Williams ("plaintiffs") commenced this action for declaratory judgment on December 4, 2013. [Docket Entry No. 1 ("Complaint" or "Compl.")]. Defendants have moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and Federal Rule of Civil Procedure 12(b)(6). [Docket Entry No. 10]. For the reasons set forth below, defendants' motion is granted and the Complaint is dismissed in its entirety.

I.    BACKGROUND

    A.    Factual Background

Plaintiffs are record owners of property located at 131 Nassau Parkway, Hempstead, New York, 11550. Compl. ¶ 7. Defendant MLMI 2005-BC4 was a common law trust formed in 2005 under the laws of the State of New York, and defendant Bank of New York Mellon was the

1

designated Trustee for the trust. *Id.* ¶¶ 8-9, 16.[1] Plaintiffs allege that "there is or remains a [sic] assignment to the Defendant which…is void or alternatively operates to disqualify Trusts [sic] assertions of a valid REMIC Status" (*id.* ¶ 13), and that the instant action was brought "to obtain a declaration that the transfers are void under federal and state law" (*id.* ¶ 15) because "Defendants have asserted or are asserting an interest in or a right, title to exercise a power of sale clause…and have demanded and/or are attempting to obtain a summary judgment and sale of Plaintiffs property under color of authority of their defective title claims. *Id.* ¶ 14.

Specifically, plaintiffs contend that "[o]n May 11, 2005, an assignment was constructed ostensibly to establish an interest for MLMI 2005-BC4" (*id.* ¶ 19) that was "said to have been executed by a Stephen G. DeBlasio, as Assistant Vice President of Wilmington Finance, and was prepared and filed in the public record of the property tax records for the Nassau County Clerk." *Id.* ¶ 20. According to the Complaint, "[t]his assignment purports that an assignment was made by Wilmington Finance, a division of AIG Federal Savings Bank to [defendant Bank of New York Mellon]" as Trustee for MLMI 2005-BC4." *Id.* ¶ 22. Plaintiffs allege that "[s]tatements within the assignment are and were materially false" (*id.* ¶ 21), and that the assignment "was made years after the commencement of the action" (*id.* ¶ 27) and was "manufactured by Defendants and its affiliates to simulate a debt collection under color of authority" (*id.* ¶ 26), which, according to plaintiffs, indicates "that the 'foreclosure' complaint was materially false and known to have been false when the defendants and their associates offered it… in judicial and other proceedings…in the foreclosure action in the Supreme Court, Nassau County." *Id.* ¶¶ 27-28. Plaintiffs assert that "Defendants knew or reasonably should have known the assignment

---

[1] The other defendants include "any and all persons who have aided and assisted defendants, affiliates, assignees, subsidiaries, successors and transferees, officers, directors, partners, agents and employees, and all other persons acting or claiming to act on their behalf or in concert with Defendants, including the Depositor, Trustee, debt collector." Compl. ¶ 10.

2

was false and misleading" (*id.* ¶ 32) and "breached their obligations and duties under their controlling trust PSA" (*id.*) by "attempting to induce or trick[] a judge into signing an order authorizing a foreclosure or sale under color of the materially perjured assignments." *Id.* ¶ 31. Plaintiffs also assert that defendants "engaged or induced law firm, Steven J. Baum, P.C., to participate in the debt collection that used the false statements in the assignment to simulate the legitimacy of the debt claims in a state judicial proceeding" (*id.* ¶ 24), that such foreclosure/debt collection activity is ongoing and relies "upon perjury and other materially false and misleading statements...so Defendants could pretend it (MLMI 2005-BC4), was owed money from Plaintiff and so Defendants could take Plaintiff's home." *Id.* ¶¶ 29-30.

B.  Procedural Background

Plaintiffs filed the Complaint on December 4, 2013 "seeking declaration that they do not and did not owe Defendants any money or either directly or indirectly for the subject mortgage and note and that each claim of assignment of mortgage after said closing of the trust and [sic] are invalid." [Docket Entry No. 10-4 (Plaintiffs' Memorandum in Law in Opposition to Defendants' Motion to Dismiss ("Pl. Opp.")), at 5][2]. Plaintiffs' claims arise under New York State Estates, Powers and Trusts law (Pl. Opp., at 5 ("The primary basis for Plaintiffs [declaratory relief] claim is New York State Estate [sic] Power [sic] and Trust [sic] Law")), New York State General Business Law Section 349 (Compl. ¶¶ 67-71), and the federal False Claims Act (the "FCA"). *Id.* ¶¶ 58-66. Plaintiffs allege that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and 2202, and has supplemental jurisdiction over any related state law claims pursuant to 28 U.S.C. § 1367. *Id.* ¶¶ 1-2. Pending before the Court is

---

[2]  Because plaintiffs' opposition lacks page numbers, all citations herein to plaintiffs' opposition cite to the page numbers in the ECF printout of plaintiffs' opposition.

3

defendants' motion to dismiss plaintiffs' complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. [Docket Entry No. 10-1 (Defendants' Memorandum of Law in Support of Motion to Dismiss the Complaint ("Def. Mem."))], which plaintiffs oppose. *See* Pl. Opp.

II.  DISCUSSION

   A.  Standard of Review

"When a defendant moves to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, and also moves to dismiss on other grounds, such as Rule 12(b)(6) for failure to state a claim upon which relief can be granted, the Court must consider the Rule 12(b)(1) motion first." *Bobrowsky v. Yonkers Courthouse*, 777 F. Supp. 2d 692, 703 (S.D.N.Y. 2011); *see Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir.1990) ("Where, as here, the defendant moves for dismissal under Rule 12(b)(1), as well as other grounds, the court should consider the Rule 12(b)(1) challenge first since if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined" (internal citations omitted)).  A case is properly dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000); *see* Fed. R. Civ. P. 12(b)(1). "It is axiomatic that federal courts are courts of limited jurisdiction and may not decide cases over which they lack subject matter jurisdiction. Unlike failure of personal jurisdiction, failure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000); *see also Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 131

S.Ct. 1197, 1202, 179 L.Ed.2d 159 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press…Objections to subject matter jurisdiction…may be raised at any time."). Accordingly, "before deciding any case we are required to assure ourselves that the case is properly within our subject matter jurisdiction." *Wynn v. AC Rochester*, 273 F.3d 153, 157 (2d Cir. 2001) (citations omitted). In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court may refer to evidence outside the pleadings. *See Makarova*, 201 F.3d at 113. A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists. *Id.*

The standard of review on a motion made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is that a plaintiff plead sufficient facts "to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). The pleading of specific facts is not required; rather a complaint need only give the defendant "fair notice of what the…claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (internal quotation marks and citation omitted). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955, 167 L.Ed.2d 929). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955, 167 L.Ed.2d 929). "Factual allegations

must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955, 167 L.Ed.2d 929. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937, 173 L.Ed.2d 868. Moreover, in deciding a motion pursuant to Rule 12(b)(6), the Court must liberally construe the claims, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *See Aegis Ins. Servs., Inc. v. 7 World Trade Co., L.P.*, 737 F.3d 166, 176 (2d Cir. 2013); *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013). However, this tenet "is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937, 173 L.Ed.2d 868; *see also Wilson v. Dantas*, 746 F.3d 530, 535 (2d Cir. 2014). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937, 173 L.Ed.2d 868; *see also Ruston v. Town Bd. for Town of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010) ("A court can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." (quotations and citations omitted)).

B.   Subject Matter Jurisdiction Over Plaintiffs' FCA Claim

Plaintiffs claim that this Court has subject matter jurisdiction to hear this case pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and 2202, and has supplemental jurisdiction over any related state law claims pursuant to 28 U.S.C. § 1367. Compl. ¶¶ 1-2. Because Section 1338 is inapplicable to this case as it concerns federal jurisdiction over civil actions relating to "patents, plant variety protection, copyrights and trademarks" (28 U.S.C. § 1338), and because the Declaratory Judgment Act [28 U.S.C. § 2201 *et seq.*] "does not provide an independent basis for

jurisdiction; jurisdiction must be founded separately on either federal question or diversity" (*Zyburo v. Cont'l Cas. Co.*, No. 13-civ-6438, 2014 WL 6603877, at *1 (S.D.N.Y. Nov. 21, 2014) (citations omitted)),[3] the only potentially proper basis for this Court's subject matter jurisdiction is 28 U.S.C. § 1331.

28 U.S.C. § 1331, which provides the basis for federal question jurisdiction, states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal courts have original federal question jurisdiction only where "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690, 126 S.Ct. 2121, 165 L.Ed.2d 131 (2006) (quoting *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 27–28, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)); *see also Perpetual Securities, Inc. v. Tang*, 290 F.3d 132, 137 (2d Cir. 2002).

"A claim invoking federal-question jurisdiction under 28 U.S.C. § 1331 may be dismissed for want of subject-matter jurisdiction if it is not colorable, that is, if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" *Rogers v. Weinberg*, No. 10-civ-5678, 2010 WL 5313767, at *1 (E.D.N.Y. Dec. 20, 2010) (citing *Bell v. Hood*, 327 U.S. 678, 682–83, 66 S.Ct. 773, 90 L.Ed. 939 (1946)). "The inadequacy of a federal claim is ground for dismissal for lack of subject-matter jurisdiction *only*

---

[3] *See also Warner–Jenkinson Co. v. Allied Chem. Corp.*, 567 F.2d 184, 186 (2d Cir. 1977) ("The Declaratory Judgment Act, 28 U.S.C. § 2201, does not independently create federal jurisdiction"); *Springfield Hosp. v. Hofmann*, 488 Fed. Appx. 534, 535 (2d Cir. 2012) (summary order) (plaintiff "cannot maintain an action for a declaratory judgment without an underlying federal cause of action." (citations omitted)).

when the claim is *so* insubstantial, implausible, foreclosed by prior decisions of [the Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy." *S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 133 (2d Cir. 2010) (quoting *In re Stock Exchanges Options Trading Antitrust Litigation*, 317 F.3d 134, 150 (2d Cir. 2003). A federal claim is not "insubstantial" merely because it might ultimately be unsuccessful on its merits. *S. New England Tel. Co.*, 624 F.3d at 133.

In response to defendants' motion to dismiss which argues this Court lacks subject matter jurisdiction because none of the federal statutes in the Complaint "provide for a private right of action" (Def. Mem., at 3), plaintiffs argue that federal question jurisdiction exists "because the Court must interpret Plaintiffs' Complaint as raising claims under federal law, including its cause of action based on Defendants' false REMIC status pursuant to the Internal Revenue Code,[4] and most notably, the False Claims Act," which "clearly provides Plaintiffs with a private cause of action as a whistle blower in this case." Pl. Opp., at 3. Plaintiffs allege that defendants "have violated the federal false claims acts [sic]" (Compl. ¶ 65) by "knowingly representing itself as a REMIC trust in order to claim tax exemptions, and therefore, submitted a false and fraudulent claim to the United States Treasury" (Pl. Opp., at 7) when in fact the trust "failed to satisfy timing and definitional requirement and therefore is a failed REMIC." Compl. ¶ 65. The Court declines to find that, on its face, plaintiffs' FCA claim is "immaterial and made solely for the purpose of obtaining jurisdiction" (*Bell*, 327 U.S. at 682) or "wholly insubstantial and frivolous"

---

[4] Any claim by plaintiffs that federal jurisdiction is conferred by the purported failure of the trust "to satisfy the timing and definitional requirements which are necessary to qualify for REMIC status" pursuant to IRC § 860D(a)(4) (Compl. ¶¶ 58-63) fails because "there is no private right of action available to challenge any perceived violation of 26 U.S.C. §§ 860A-G." *Mohlman v. Long Beach Mortgage*, No. 12-10120, 2013 WL 490112, at *5 (E.D. Mich. Feb. 8, 2013), *aff'd* (Dec. 27, 2013), *motion for relief from judgment denied*, No. 12-civ-10120, 2013 WL 827221 (E.D. Mich. Mar. 6, 2013).

(*id.* at 682-83), such that it should be dismissed for lack of subject matter jurisdiction;[5] however, for the reasons set forth below, the Court dismisses plaintiffs' FCA claim with prejudice.

C. Plaintiffs' FCA Claim

The FCA "prohibits false or fraudulent claims for payment to the United States, 31 U.S.C. § 3729(a), and authorizes civil actions to remedy such fraud to be brought by the Attorney General, § 3730(a), or by private individuals in the Government's name, § 3730(b)(1)." *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 463, 127 S. Ct. 1397, 1403, 167 L. Ed. 2d 190 (2007). The FCA contemplates two types of actions:

> First, under § 3730(a), if the Attorney General finds that a person has violated or is violating section 3729, the Attorney General may bring a civil action under this section against the person. Second, under § 3730(b), a person may bring an action for a violation of section 3729 for the person and for the United States Government.

*Id.* at 477 (internal citations omitted).

Section 3730(b) "allows an individual to bring an action in the name of the Government as a 'private attorney general'...[which] is known as a *qui tam* action" (*U.S. ex rel. Noviello v. Giuliani*, No. 96-civ-2363, 1997 WL 930176, at *2 (E.D.N.Y. Apr. 18, 1997)) if the individual satisfies certain requirements. "In order to properly commence such an action the person bringing the action, known as a "relator," must serve on the Government "[a] copy of the complaint and written disclosure of substantially all material evidence and information the person possesses" and "the complaint must be "filed in camera [and] shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders." *Id.* (citing 31

---

[5] *See Goldman v. Gallant Sec., Inc.*, 878 F.2d 71, 73 (2d Cir. 1989) ("If the complaint alleges a violation of federal law and the claim is 'neither immaterial nor insubstantial, the proper course of action is for the district court to accept jurisdiction and address [an] objection as an attack on the merits." (citations omitted)); *Schwartz v. Gordon*, 761 F.2d 864, 867 n.4 (2d Cir. 1985) ("When a claim allegedly based on a federal statute must be dismissed because of the statute's inapplicability to the facts alleged...the dismissal is more accurately described as based on failure to state a claim upon which relief may be granted" rather than as jurisdictional.).

9

U.S.C. § 3730(b)(2)). "Failure to comply with these mandatory threshold requirements warrants dismissal of the *qui tam* complaint with prejudice, which bars the *qui tam* plaintiff from refiling such a suit, but leaves the government free to bring suit on its own." *U.S. ex rel. Stevens v. State of Vt. Agency of Natural Res.*, 162 F.3d 195, 200 (2d Cir. 1998), *rev'd sub nom. on other grounds, Vermont Agency of Natural Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 120 S. Ct. 1858, 146 L. Ed. 2d 836 (2000); *U.S. ex rel. Pilon v. Martin Marietta Corp.*, 60 F.3d 995, 1000 (2d Cir. 1995)) (requiring dismissal with prejudice in a *qui tam* case where relator-plaintiffs failed to comply with the filing and service requirements of Section 3730(b)(2)); *U.S. ex rel. Noviello*, 1997 WL 930176, at *2 ("A *qui tam* relator's failure to follow the filing and service requirements of the False Claims Act requires dismissal with prejudice of the claims brought under the act.").

In this case, plaintiffs did not file the Complaint in camera nor has it been kept under seal; plaintiffs served the defendants before the Court ordered service, and there is no indication that plaintiffs served the government with a written disclosure of all material evidence and information, in violation of Section 3730(b)(2), and warranting dismissal of their FCA claim with prejudice.[6] *See U.S. ex rel. Noviello*, 1997 WL 930176, at *2; *Ercole v. LaHood*, No. 07-civ-2049, 2011 WL 1205137, at *13 (E.D.N.Y. Mar. 29, 2011) *aff'd*, 472 F. App'x 47 (2d Cir. 2012) (dismissing plaintiff's False Claims Act claims where plaintiff did not "bring[] an action on behalf of the United States and ma[de] no allegations of fraud in his complaint"); *U.S. ex rel. Le Blanc v. ITT Indus., Inc.*, 492 F. Supp. 2d 303, 308 (S.D.N.Y. 2007) ("Because relator did not file the complaint under seal as required by 31 U.S.C. § 3730(b)(2), defendants' motion to

---

[6] The dismissal of plaintiffs' FCA claims is without prejudice to the government. *See U.S. ex rel. Pilon*, 60 F.3d at 1000 n.6 ("the government may independently proceed with these claims against the Defendants, if so disposed.").

10

dismiss the complaint is granted with prejudice as to relator…and without prejudice as to the government").

D.     Leave to Amend

In their opposition, plaintiffs argue conclusorily that they should be granted leave to file and serve an amended complaint because "it would not be futile to grant Plaintiffs leave to amend the Complaint." Pl. Opp., at 9. Moreover, plaintiffs do not provide a proposed amended complaint, which also warrants denial of their request to amend.[7] Plaintiffs' failure to comply with the requirements of the FCA in bringing this action requires dismissal of their federal claim with prejudice and without leave to amend because any amendment would be futile, as it would not remedy the legal defects noted above. *See U.S. ex rel. Pilon*, 60 F.3d at 1000 (concluding that "it was an abuse of discretion to dismiss [plaintiff-relators'] *qui tam* claims without prejudice because [plaintiff-relators'] failure to comply with the filing and service provisions of § 3730(b)(2) irreversibly frustrated the congressional goals underlying those provisions" (internal citations omitted)).

E.     Jurisdiction Over Plaintiffs' State Law Claims

When federal claims are dismissed prior to trial, a court may decline to exercise supplemental jurisdiction over a plaintiff's state law claims. In deciding whether to exercise supplemental jurisdiction over state law claims, a federal district court should balance "the

---

[7]     *See Ackermann v. N.Y.C. Dep't of Info. Tech. & Telecomms.*, No. 09-civ-2436, 2010 WL 1172625, at *1 (E.D.N.Y. Mar. 24, 2010) ("any motion to amend must attach the proposed amended complaint specifying the new claims and/or defendants [the plaintiff] intends to add"); *Schwasnick v. Fields*, No. 08-civ-4759, 2010 WL 2679935, at *11 (E.D.N.Y. June 30, 2010) ("The court may also deny leave to amend where the Plaintiff[] fails to submit a proposed pleading and does not explain why." (citation omitted)); *La Barbera v. Ferran Enters., Inc.*, No. 05-civ-2678, 2009 WL 367611, at *3 (E.D.N.Y. Feb. 10, 2009) ("Denial of the motion to amend is warranted by Plaintiffs' unexplained failure to submit a proposed pleading"); *McFadden v. Grand Union*, No. 93-civ-4841, 1994 WL 62351, at *1 (S.D.N.Y. Feb. 18, 1994) ("motion for leave to amend the complaint is inadequate because it fails to attach the proposed amended complaint").

values of judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 108 S. Ct. 614, 619, 98 L. Ed. 2d 720 (1988). "In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well." *Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 170 (2d Cir. 2014) (citing *Marcus v. AT&T Corp.*, 138 F.3d 46, 57 (2d Cir.1998)); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130, 1139, 16 L. Ed. 2d 218 (1966) ("if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well"). In light of the dismissal of plaintiffs' federal claim and upon consideration of the values of judicial economy, convenience, fairness and comity, the Court declines to exercise supplemental jurisdiction over any remaining state law claims in this action. Plaintiffs' state law claims are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3). *See Heckmann v. Town of Hempstead*, 10–civ–5455, 2013 WL 1345250, at *3 (E.D.N.Y. Mar. 27, 2013) (declining to exercise supplemental jurisdiction over the remaining state law claims where all of plaintiff's federal claims were dismissed with prejudice at the pleadings stage).

III. CONCLUSION

For the foregoing reasons, the Court dismisses plaintiffs' FCA claim with prejudice as to plaintiffs and without prejudice as to the government, and dismisses plaintiffs' state law claims without prejudice. The Clerk of the Court shall enter judgment accordingly and close this case.

**SO ORDERED.**

s/ Sandra J. Feuerstein
_____
Sandra J. Feuerstein
United States District Judge

Dated: February 2, 2015
Central Islip, New York